**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**
**CASE NO. 6:24-cv-03823-DCC-BM**

| | |
|---|---|
| Sequoia Ramey, individually and on behalf of C.S., a minor, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Greenville County School District a/k/a Woodmont Middle School, Greenville County Sheriff's Department, and Ashland Dunn, )<br><br>Defendants. ) | **DEFENDANT GREENVILLE COUNTY SCHOOL DISTRICT'S ANSWER**<br><br>**(Jury Trial Demanded)** |

Defendant Greenville County School District ("the School District"), answering the complaint of Plaintiffs Sequoia Ramey ("Ms. Ramey") and C.S. ("Minor") (collectively "Plaintiffs"), would respectfully allege and show the Court as follows:

**FOR A FIRST DEFENSE**

1.    Upon information and belief, the School District admits the allegations of paragraph 1 of Plaintiffs' complaint.

2.    In response to paragraph 2, the School District admits that it is a governmental entity within the meaning of the South Carolina Tort Claims Act, S.C. CODE § 15-78-10 *et seq.*  The School District also admits that it operates Woodmont Middle School at 325 N. Flat Rock Road in Piedmont, South Carolina.  The School district denies the remaining allegations of paragraph 2.

3.      In response to paragraph 3, the School District admits that it is a governmental entity within the meaning of the South Carolina Tort Claims Act, S.C. CODE § 15-78-10 *et seq.*  The remainder of paragraph 3 consists of legal conclusions to which no response is required.  To the extent a response is required, the School District denies the remaining allegations of paragraph 3.

4.      The School District admits it is tasked with oversight and operation of the public schools in Greenville County.  The School District denies the remaining allegations of paragraph 4.

5.      Upon information and belief, the School District admits the allegations of paragraph 5.

6.      The School District admits the allegations of paragraph 6.

7.      The School District denies that the Court of Common Pleas for the Thirteenth Judicial Circuit Court of South Carolina has jurisdiction over this case because the case has properly been removed to federal court.  The School District denies the remaining allegations of paragraph 7.

8.      The School District denies the allegations of paragraph 8, but admits that venue is proper in the Greenville Division of the United States District Court for the District of South Carolina.

9.      In response to paragraph 9, the School District repeats and realleges the preceding paragraphs as if fully set forth herein.

10.     The School District admits the allegations of paragraph 10.

11.     The School District denies the allegations of paragraph 11.

12.     The School District admits the allegations of paragraph 12.

13.     The School District admits the allegations of paragraph 13.

14.     The School District admits the allegations of paragraph 14.

15.     Upon information and belief, the School District admits the allegations of paragraph 15.

16.     The School District admits that Couch instructed C.S. to go to the breakfast line rather than the temporary identification line.  The School District denies the remaining allegations of paragraph 16.

17.     The School District admits the allegations of paragraph 17.

18.     The School District denies the allegations of paragraph 18.  C.S. approached Couched and threatened to physically harm Couch.

19.     The School District admits the allegations of paragraph 19.  The School District further alleges and will show that Couch instructed C.S. to go to the office area but that C.S. ignored Couch's instructions and returned to the breakfast line.

20.     The School District admits that Couch signalled Dunn and approached C.S. in the breakfast line.  The School District denies the remaining allegations of paragraph 20.

21.     The School District alleges and will show that C.S. refused to obey repeated instructions to go to the office area and that Dunn then put her hand on C.S.'s shoulder to direct her out of the breakfast line and to the office area.  The School District denies the remaining allegations of paragraph 21.

22.     The School District admits the allegations of paragraph 22.

23.     The School District denies the allegations of paragraph 23.  Instead, the School District alleges and will show that C.S. became belligerent and forcefully resisted Dunn's attempts to guide her toward the office area.  The School District denies the remaining allegations of paragraph 23.

24.     The School District denies the allegations of paragraph 24.

25.     The School District admits that Couch and Deese were standing near C.S. in the breakfast line when Dunn intervened.  The School District denies the remaining allegations of paragraph 25.

26.     The School District denies the allegations of paragraph 26.

27.     Upon information and belief, the School District admits the allegations of paragraph 27.

28.     The School District admits that employees of the Sheriff's Office had C.S. transported to the South Carolina Department of Juvenile Justice in Columbia, S.C.  The School District is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 28, and therefore denies them.

29.     The School District admits the allegations of paragraph 29.

30.     The School District admits the allegations of paragraph 30.

31.     The School District admits that Woodmont Middle School's cafeteria was monitored by surveillance camera that captured footage of the majority of the incident insofar as it transpired in the cafeteria.  This footage does not include audio. The School District denies the remaining allegations of paragraph 31.

32.     The School District denies the allegations of paragraph 32, which misquote Mr. Deese.

33.     The School District denies that conduct by a middle school student that can be described as "having trouble listening" is necessarily non-criminal in nature. The School District denies the remaining allegations of paragraph 33.

34.     In response to paragraph 34, the School District repeats and realleges the preceding paragraphs as if fully set forth herein.

35.     The School District admits that it certain duties in its interactions with its students.  The School District denies the remaining allegations of paragraph 35.

36.     The School District denies the allegations of paragraph 36.

37.     The School District lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 37, and therefore denies them.

38.     The School District denies the allegations of paragraph 38 upon information and belief.

39.     The School District denies the allegations of paragraph 39.

40.     In response to paragraph 40, the School District repeats and realleges the preceding paragraphs as if fully set forth herein.

41.     The School District denies the allegations of paragraph 41.

42.     The School District denies the allegations of paragraph 42.

43.     The School District denies the allegations of paragraph 43.

44.     The School District denies the allegations of paragraph 44.

45.     The School District denies each and every allegation in the prayer for relief.

46.     The School District denies each and every allegation of Plaintiffs' complaint not specifically admitted, modified, or explained hereinabove.

### FOR A SECOND DEFENSE
(Dismissal)

47.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

48.     The School District alleges that the complaint fails to state facts sufficient to constitute a cause of action against it and should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### FOR A THIRD DEFENSE
(Compliance with Law)

49.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

50.     The acts and omissions of the School District complied with all requirements of all applicable law, including state and federal constitutional provisions, statutes, regulations, court orders, and all other binding legal authority

### FOR A FOURTH DEFENSE
(*Monell* liability)

51.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

52.    Plaintiffs failed to allege that their injuries were caused by a custom or policy of the School District as required by *Monell v. Dep't f Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

## FOR A FIFTH DEFENSE
(Comparative Negligence)

53.    The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

54.    The School District alleges that even assuming it was negligent, careless, grossly negligent, willful, wanton or reckless in any respect, and that any such conduct on its part operated as a proximate cause of either or both Plaintiffs' damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that either or both Plaintiffs' negligent, grossly negligent, reckless, willful, and wanton conduct contributed more than 50% to the cause of either or both Plaintiffs' alleged damages if any. For this reason, the School District is not liable to either Plaintiff in any sum whatsoever.

55.    The School District alleges that even if it was negligent, careless, grossly negligent, willful, or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct on its part operated as a greater than 50% cause of either or both Plaintiffs' resulting damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, it is entitled to a determination as to the percentage that either or both Plaintiffs' negligent, grossly negligent, reckless, willful, and wanton conduct contributed to its damages and to a reduction of any

amount awarded to either or both Plaintiffs in an amount equal to that percentage of the either or both Plaintiffs' own negligent, grossly negligent, reckless, willful, and wanton conduct.

## FOR A SIXTH DEFENSE
(Comparative Negligence *per se*)

56.    The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

57.    As alleged in the preceding defense, the School District alleges that either or both Plaintiffs were negligent and that said negligence contributed to either or both Plaintiffs' injuries.

58.    The School District alleges that all or part of either or both Plaintiffs' negligence consists of one or more violations of statutes, laws, ordinances, regulations, or other legally binding rules, the violation of any of which constitutes negligence per se and the violation of any combination of which constitutes negligence per se.

## FOR A SEVENTH DEFENSE
(Conduct of Others)

59.    The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

60.    The sole and exclusive of cause of any injury alleged by Plaintiffs, if any such occurred, was conduct by those other than the School District.

61.    The conduct of others was so substantial a contributing factor and/or cause of any injury alleged by Plaintiffs, if any such injury occurred, that the School District is not responsible for said injury.

8

**FOR AN EIGHTH DEFENSE**
(Other Cause)

62.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

63.     Some or all of Plaintiffs' alleged injuries and/or damage were not caused by the School District's acts or omissions, or not caused by acts or omissions for which the School District can be held liable, or would have occurred regardless of whether the School District committed any, all, or any combination of acts or omissions alleged by Plaintiffs.

**FOR A NINTH DEFENSE**
(Failure to Mitigate)

64.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

65.     Plaintiffs neglected to take reasonable steps to mitigate their damages, if any such occurred.

**FOR A TENTH DEFENSE**
(Intervening and Superseding Cause)

66.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

67.     If it is determined that the School District's conduct proximately caused some and/or all of Plaintiffs' injuries and/or damage, then the School Distrct hereby alleges that the negligence and/or intentional wrongs of third parties over whom the School District had no duty or ability to supervise and/or control was the true proximate cause of Plaintiffs' injuries and/or damage, if any.  Such negligence and/or

9

intentional wrongs, individually and in every possible combination, were intervening and superseding causes of Plaintiffs' alleged injury and/or damage.

### FOR AN ELEVENTH DEFENSE
(Limits on Punitive Damages)

68.    The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

69.    Defendant pleads S.C. Code Ann. § 15-32-530 as a cap to the punitive damages potentially available in this matter.

70.    Defendant pleads that any award of punitive damages would violate the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitutions, and the parallel provisions of the South Carolina Constitution, as alleged in more detail in the Sheriff's Office's answer to Plaintiffs' complaint.

### FOR A TWELFTH DEFENSE
(Defense to Negligence *per se*)

71.    The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

72.    Even if the School District violated one or more state, federal, or local laws, statutes, ordinances, or regulations—which the School District denies—such violations, taken individually, collectively, and in every possible combination, do not constitute negligence *per se*.

## FOR A THIRTEENTH DEFENSE
(Contribution)

73.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

74.     The School District alleges that it is not at fault in this matter. However, if it is found to be at fault, the School District alleges that its fault is less than fifty percent of the fault attributable to all parties in this matter.

## FOR A FOURTEENTH DEFENSE
(South Carolina Tort Claims Act)

75.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

76.     The School District is entitled to sovereign immunity.

77.     To the extent that the South Carolina legislature waived sovereign immunity and that waiver is applicable to the School District in this action, one or more of the exceptions to the waiver of sovereign immunity apply.  These exceptions include, but are not limited to, the following contained in S.C. CODE § 15-78-60:

> (4) Adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies;

> (5) The exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee;

11

(17) Employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude;

(20) An act or omission of a person other than an employee including but not limited to the criminal actions of third persons;

(25) Responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.

78.    The School District would not be liable for the acts or omissions alleged by Plaintiffs the School District were a private person.

79.    The School District denies Plaintiffs' allegations, but to the extent they are true, the School District's employees were acting outside the scope of their employment and official duties or their acts constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

80.    The School District is entitled to the protections and limitations set forth in S.C. CODE § 15-78-120, including but not limited to the following:

a.    Plaintiff may not recover in excess of $300,000 individually and $600,000 collectively.

b.    Neither plaintiff is entitled to punitive or exemplary damages.

c.    Neither plaintiff is entitled to interest prior to judgment.

81.     Neither Plaintiff suffered a "loss" within the meaning of S.C. CODE § 15-78-30(f).

82.     Plaintiffs' alleged injuries and/or damage were not caused by an "occurrence" as defined in S.C. CODE § 15-78-30(g).

83.     The School District is entitled to the protection of all other provisions of the South Carolin Tort Claims Act insofar as they are applicable to the facts of this matter insofar as they are established through discovery or alleged by counsel for any party.

**FOR A FIFTEENTH DEFENSE**
(Sovereign Immunity and the Eleventh Amendment)

84.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

85.     The School District hereby consents to have this matter heard in federal court, but reserves and pleads all other procedural and substantive protections under the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

**FOR A SIXTEENTH DEFENSE**
(Legal Authority of School Officials)

86.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

87.     The School District was authorized by the common law, statutory law, and other provisions of law to take the actions it took with respect to Plaintiffs.

## FOR A SEVENTEENTH DEFENSE
(Objectively Reasonable Actions)

88.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

89.     The School District's conduct with respect to Plaintiffs was objectively reasonable under all the circumstances.

## FOR AN EIGHTEENTH DEFENSE
(Public Duty Rule)

90.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

91.     The School District pleads the Public Duty Rule as an affirmative defense.

## FOR A NINETEENTH DEFENSE
(Claim Preclusion and Issue Preclusion)

92.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

93.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FOR A TWENTIETH DEFENSE
(Reservation of Defenses)

94.     The School District repeats and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

95.     The School District reserves the right to amend this answer and to add additional defenses to Plaintiffs' claims as additional information is obtained or disclosed during the course of this litigation.

**WHEREFORE,** having fully answered Plaintiffs' complaint, the School District prays:

1.    That Plaintiffs' complaint be dismissed with prejudice;

2.    That Defendant be awarded its attorney fees and costs from Plaintiffs;

3.    That this matter be tried by jury; and

4.    That the School District be granted such other and further relief as the Court deems just and proper.


Respectfully submitted,


s/Adam Bach
Adam C. Bach (Federal Bar #9877)
Matthew A. Hughes (Federal Bar #14063)
TONNSEN BACH, LLC
1306 South Church Street
Greenville, SC 29605
Telephone: (864) 236-5013
Facsimile: (864) 312-4191
*abach@tonnsenbach.com*
*mhughes@tonnsenbach.com*

Attorneys for Defendant Greenville County School District

August 23, 2024

Greenville, South Carolina